## Lesher *v.* Youse, Appellant.

*Appeals—Assignments of error—Charge.*

1. An assignment of error which is merely an excerpt from the charge of the court, will not be considered, where it appears that such excerpt detached from the context, did grave injustice to the trial judge, and did not fairly represent the manner in which the case was submitted to the jury.

2. An assignment of error that "the charge of the court as a whole is misleading," without more, will not be considered.

Argued Nov. 13, 1912.   Appeal, No. 170, Oct. T., 1912, by defendant, from judgment of C. P. Berks Co., June T., 1912, No. 60, on verdict for plaintiff in case of Jacob A. Lesher v. D. K. Youse.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit for money had and received.   Before WAG-NER, J.

Verdict and judgment for plaintiff for $195.55.   Defendant appealed.

*Errors assigned* appear by the opinion of the Superior Court.

*Walter S. Young,* for appellant.

*Thomas K. Leidy,* for appellee.

OPINION BY MORRISON, J., February 27, 1913:

This is an action of assumpsit to recover the sum of $184.61 and interest thereon which the plaintiff alleged was owing to him by the defendant and that the latter promised to pay the same on or before April 1, 1910. The parties flatly disputed as to questions of fact which clearly controlled the question as to whether or not the plaintiff was entitled to recover. Both parties testified and they offered considerable evidence and the case was submitted to the jury in a charge which is so fair and impartial that the defendant's counsel did not except thereto.

There are but three assignments of error and we have discovered no merit in any of them. The first assignment relates to the admission of a piece of evidence which was clearly competent, for the purpose offered, under an amendment to the declaration which had been allowed by the court, and there is no exception to the allowance of said amendment. Appellant's counsel now contends that the amendment was not allowed but in this he is in conflict with the record and the plain statement of the trial judge, in his opinion refusing a new trial, that the amendment was allowed. The second assignment is an excerpt from the charge which is detached from the context and it does grave injustice to the trial judge as it does not at all fairly represent the manner in which he submitted the case to the jury. The third assignment is, "The charge of the court as a whole is misleading." This assignment is bad because it quotes no part of the charge and simply expresses the opinion of the counsel in respect to a charge to which he did not even except.

It is, we are glad to be able to say, very seldom than an appellate court is called upon to pass upon a case which discloses so little merit as the present appeal.

The assignments of error are all dismissed and the judgment is affirmed.